# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINGER MICHELE THAYER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.  1:13-cv-02026-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>ECF NO. 9 |

On May 8, 2014, Defendant Commissioner of Social Security ("Defendant" or "Commissioner") filed a motion to dismiss. (ECF No. 9.) Plaintiff Ginger Michele Thayer ("Plaintiff") filed an opposition on June 6, 2014. (ECF No. 11.) Defendant filed a reply on June 20, 2014. (ECF No. 12.)

All parties have consented to the jurisdiction of a U.S. Magistrate Judge for all purposes. (ECF Nos. 7, 8.) For the reasons set forth below, the Court grants Defendant's motion to dismiss.

**I.**

**BACKGROUND**

On December 10, 2013, Plaintiff filed the complaint in this action seeking judicial review of the final administrative decision of Defendant Commissioner of Social Security. (ECF No. 1.) Plaintiff seeks judicial review of the Commissioner's denial of Plaintiff's application for

1

disability insurance benefits and supplemental security income.

Defendant filed a motion to dismiss on May 8, 2014. (ECF No. 9.) Defendant argues that this action must be dismissed because the Court lacks jurisdiction over Plaintiff's claim. Specifically, Defendant argues that Plaintiff's application was denied on July 17, 2012 and then denied upon reconsideration on March 20, 2013. However, Plaintiff did not file a timely request for a hearing before an ALJ after the second denial. Plaintiff filed an untimely request for a hearing, but provided no grounds demonstrating good cause why the request was filed beyond the 60 day deadline. Plaintiff's untimely request was denied. On September 17, 2013, Plaintiff requested a review of the ALJ's dismissal of her case. The September 17 request also included an e-mail which attempted to demonstrate good cause for the untimely request for a hearing. On October 10, 2013, the Appeals Council denied Plaintiff's request for review.

## II.

## DISCUSSION

Defendant argues that the Court has no jurisdiction over this action under 42 U.S.C. § 405(g) because there has been no "final decision made after a hearing." In this case, the ALJ dismissed Plaintiff's claim after Plaintiff failed to file a timely request for a hearing and failed to present good cause in support of her untimely request. Plaintiff argues that the ALJ did not provide Plaintiff with an opportunity to explain why her request for a hearing was untimely.

Judicial review of administrative determinations of entitlement to Social Security benefits is governed by 42 U.S.C. § 405(g), which states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow....

The administrative process associated with applying for disability benefits under the Social Security Act generally involves 1) the filing of a claim, 2) if the claim is denied, a request for administrative reconsideration, 3) if reconsideration is denied, a request for an evidentiary hearing before an administrative law judge ("ALJ"), and 4) if the claim is denied by the ALJ, a n

1  appeal to the Appeals Council.  See Califano v. Sanders, 430 U.S. 99, 101 (1977).

2  "[W]hether jurisdiction exists depends on whether the action by the Appeals Council constitutes a final decision under Section 405(g)."  Matlock v. Sullivan, 908 F.2d 492, 493 (9th Cir. 1990).  In Matlock, the Ninth Circuit held that "Appeals Council decisions to refrain from considering untimely petitions for review are not final decisions subject to review in federal court."  Id.  "[T]he regulations prohibit judicial review of the Appeals Council's refusal to grant such an extension."  Id.; see also 20 C.F.R. § 416.1403(a)(8).  Similarly, in Peterson v. Califano, 641 F.2d 628, 630-31 (9th Cir. 1980), the Ninth Circuit held that district courts lack jurisdiction to review the Appeals Council's refusal to extend the 60-day time limit to file petition for review in district court.

In the context of a Social Security petition for review, a "final decision" refers to a final decision on the merits.  Matlock, 908 F.2d at 494.  In this case, Plaintiff cannot seek review of the Appeals Council's refusal to entertain Plaintiff's untimely request for hearing because such a determination is not a final decision on the merits.  Moreover, Plaintiff cannot seek review of the Social Security Administration's denial of Plaintiff's claim because the denial did not constitute complete exhaustion of administrative remedies.  See Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir. 2003).  Accordingly, this Court lacks jurisdiction over Plaintiff's appeal.

### III.

### CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that it lacks jurisdiction over Plaintiff's petition for review.  Accordingly, it is HEREBY ORDERED that:

1. Defendant's motion to dismiss is GRANTED;

///
///
///
///
///

2. Defendant's petition for review is DISMISSED for lack of jurisdiction; and

3. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated: **June 23, 2014**

UNITED STATES MAGISTRATE JUDGE